

1   E. MARTIN ESTRADA
    United States Attorney
2   MACK E. JENKINS
    Assistant United States Attorney
3   Chief, Criminal Division
    JOHN J. LULEJIAN (Cal. Bar No. 186783)
4   Assistant United States Attorney
         1200 United States Courthouse
5        312 North Spring Street
         Los Angeles, California 90012
6        Telephone:  (213) 894-0721
         Facsimile:  (213) 894-0141
7        E-mail:  John.Lulejian@usdoj.gov

8   Attorneys for Plaintiff
    UNITED STATES OF AMERICA

9

10                 UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  IN THE MATTER OF THE          No. **2:24-mj-04053-DUTY**
    EXTRADITION OF
13                                COMPLAINT
    PRUDENCIO SEGURA CASTILLO,
14                                FOR ARREST WARRANT AND EXTRADITION
    A Fugitive from the           (18 U.S.C. § 3184); ORDER THEREON
15  Government of the United
    Mexican States.               **(UNDER SEAL)**
16

17

18  TO:  Honorable Margo A. Rocconi
         United States Magistrate Judge
19       Central District of California

20       I, John J. Lulejian, being duly sworn, depose and state that I

21  am an Assistant United States Attorney for the Central District of

22  California and act for the United States in fulfilling its

23  obligations to the Government of the United Mexican States ("Mexico")

24  pursuant to the Extradition Treaty Between the United States of

25  America and the United Mexican States, U.S.-Mex., May 4, 1978, 31

26  U.S.T. 5059, as amended by the Protocol to the Extradition Treaty

27  Between the United States of America and the United Mexican States of

28  May 4, 1978, U.S.-Mex., Nov. 13, 1997, S. Treaty Doc. No. 105-46

1  (1998) (collectively, the "Treaty"), with respect to the fugitive,

2  PRUDENCIO SEGURA CASTILLO ("SEGURA CASTILLO"; DOB: **/**/1967).

3      In accordance with Title 18, United States Code, Section 3184, I

4  charge on information and belief as follows:

5      1.   Pursuant to the Treaty, Mexico has submitted a formal

6  request to the United States, through diplomatic channels, for the

7  extradition of SEGURA CASTILLO.

8      2.   That according to the information provided by Mexico,

9  SEGURA CASTILLO is wanted by Mexico so that he may be prosecuted for

10 sexual abuse, in violation of Article 180 of the Criminal Code for

11 the Free and Sovereign State of Guerrero, Mexico, Number 499.  This

12 offense was committed within the jurisdiction of Mexico.

13     3.   That on or about May 12, 2020, a Constitutional Rights

14 Judge in Iguala de la Independencia, Guerrero, Mexico, a judicial

15 officer authorized by Mexican law to issue warrants of arrest, issued

16 a warrant in Mexico for SEGURA CASTILLO's arrest for this offense.

17 The warrant remains valid and enforceable.

18     4.   That Mexico presents the following facts as the basis for

19 the complaint and arrest warrant:

20          a.   On or about April 4, 2020, A.S.E. filed a complaint

21 with Mexican authorities in which she reported that on or about

22 February 24, 2020, SEGURA CASTILLO, who was married to her sister,

23 J.S., sexually abused A.S.E.'s twelve-year-old daughter (the

24 "Victim").

25          b.   After receiving the complaint, Mexican authorities

26 interviewed the Victim, who among other things, related the

27 following:

28

2

1             i.     The Victim lived with her mother (A.S.E.), nearby

2 to her aunt (J.S.) and her aunt's children. SEGURA CASTILLO would

3 travel to the United States for work. He arrived in Mexico around

4 the end of January 2020. Because SEGURA CASTILLO was good to the

5 Victim's cousins, the Victim trusted him.

6             ii.   On or about February 24, 2020, the Victim,

7 accompanied by her mother, aunt, cousins, and SEGURA CASTILLO,

8 traveled to a lake/lagoon in Tuxpan, in Iguala de la Independencia,

9 Guerrero. The family set up tables and chairs on a pier by the shore

10 of the lake/lagoon.

11             iii. At approximately 4:00 p.m., the Victim and her

12 cousins went into the lake/lagoon and began to play. Approximately

13 one hour later, the Victim's mother told the children that she was

14 going to prepare hamburgers, but they kept playing in the water.

15             iv.   At that point, SEGURA CASTILLO entered the water

16 to play with the victim and her cousins. Because they were splashing

17 water at each other, the Victim moved away from the others a little

18 bit, heading toward a deeper area of the lake/lagoon where the water

19 reached above her waist. SEGURA CASTILLO then approached the Victim

20 and grabbed her leg under the water. When the Victim moved

21 backwards, SEGURA CASTILLO stood in front of her, slid his hand

22 inside her shorts, and fondled and squeezed her vagina. The Victim

23 froze and was unable to move because she was scared. SEGURA CASTILLO

24 threatened the Victim, saying that he would do much more than that to

25 her if she told anyone about the incident. SEGURA CASTILLO then went

26 quickly away.

27

28

1            v.    The Victim then went back to the shore with her

2  cousins.  When her mother called her to come eat, the Victim did not

3  feel like eating, but wanted to cry.  However, the Victim felt that,

4  if she told her mother about the incident, her mother would become

5  mad and react impulsively.  The family members subsequently returned

6  to their homes.

7            vi.  The Victim did not say anything about the

8  incident for approximately one month.  Then, on or about March 20,

9  2020, the Victim's sister posted on social media that she (the

10  Victim's sister) was raped as a child.  After seeing that post, the

11  Victim decided to talk to her parents.  Accordingly, in the presence

12  of her mother and father (M.R.C.), who lived apart from the Victim

13  and her mother, the Victim related that on or about February 24,

14  2020, SEGURA CASTILLO touched her vagina when she was in the

15  lake/lagoon in Tuxpan, Iguala de la Independencia, Guerrero.  The

16  Victim further told her parents that because SEGURA CASTILLO had left

17  Mexico and had been in the United States since the beginning of March

18  2020, she was no longer afraid that SEGURA CASTILLO would carry out

19  his threats.

20            vii. At her mother's insistence, the Victim went to

21  her grandmother's house and told her grandmother and aunt (J.S.) what

22  occurred at the lake/lagoon on or about February 24, 2020.  Even

23  though she saw the Victim crying, her aunt responded by getting angry

24  and accusing the Victim of making up the allegations against SEGURA

25  CASTILLO.

26

27

28

1          c.    On or about April 4, 2020, the Victim's mother filed a

2    complaint with Mexican authorities, in which she stated among other

3    things, the following:

4                i.    On or about March 20, 2020, her daughter (the

5    Victim) informed her and the Victim's father that SEGURA CASTILLO

6    sexually abused her at the lake/lagoon in Tuxpan on or about February

7    24, 2020.

8                ii.   On February 24, 2020, at approximately 5:00 p.m.,

9    she and her sister (J.S.) were preparing hamburgers near the lake,

10   and she (the Victim's mother) observed that the Victim was in the

11   lake/lagoon and that SEGURA CASTILLO entered the water.

12               iii. When the Victim came back to the shore soon

13   after, and was invited to eat, the Victim said she was not hungry.

14               iv.   After they left the lake/lagoon, the Victim's

15   mother noticed that her daughter was acting strangely, and she

16   suspected something but did not want to say anything to her daughter

17   about it.

18               v.    Following the daughter's revelations about what

19   happened at the lake/lagoon, she and the Victim went to the Victim's

20   grandmother's home, where the Victim again recounted what occurred on

21   February 24, 2020.  However, the Victim's aunt (J.S.) did not believe

22   her niece.  The Victim's mother believed this is because the Victim's

23   aunt was financially dependent on SEGURA CASTILLO, and thus trusted

24   her husband.

25          d.    On or about April 22, 2020, Mexican authorities

26   interviewed the Victim's father (M.R.C.), who related, among other

27   things, that on or about March 20, 2020, at approximately 9:30 a.m.,

28

he received a call from the Victim, who was crying.  When he went to
the home of the Victim and her mother, the Victim then disclosed that
SEGURA CASTILLO sexually abused her at the lake/lagoon in Tuxpan on
or about February 24, 2020.

e.   Following the filing of the complaint against SEGURA
CASTILLO, Mexican authorities performed a psychological assessment of
the Victim.  The psychological expert concluded that the Victim
exhibited signs of emotional damage.

f.   On or about July 13, 2022, Mexican authorities
conducted separate identification procedures with the Victim's
parents.  In those proceedings, Mexican authorities showed the
parents a photograph of SEGURA CASTILLO, and both the Victim's mother
and father separately identified the person depicted in that
photograph as the person who sexually abused the Victim.

5.   U.S. law enforcement believes that SEGURA CASTILLO may be
found within the jurisdiction:

a.   California Department of Motor Vehicles records reveal
"Prudencio Segura" obtained a driver's license (No. ****3236) on or
about April 5, 2023.  The address associated with this driver's
license appears to be a residence in Westminster, California.  The
photograph accompanying this driver's license appears to be the same
one that the Victim's mother and father identified as SEGURA
CASTILLO.  Further, the date of birth matches the date of birth
stated in the extradition request.

b.   Insurance records reveal that "Prudencio Segura" is
the registered owner of a 2001 Toyota four-door sedan, bearing
California license plate number ***U301. The address associated with

1  the registered owner is the same address in Westminster associated

2  with the above driver's license.

3          c.   On or about July 2, 2024, the United States Marshals

4  Service ("USMS") traveled to the above address in Westminster and

5  observed a red Toyota Corolla bearing California license plate number

6  ***U301, parked curbside in front of the residence.  At approximately

7  7:50 a.m., the USMS observed a Hispanic male adult step outside the

8  subject residence and begin smoking a cigarette.  After approximately

9  ten minutes, the man reentered the residence.  According to the USMS,

10  the man bore a striking similarity to "Prudencio Segura's" driver's

11  license photograph, which the Victim's mother and father identified

12  as SEGURA CASTILLO, and another photograph of SEGURA CASTILLO

13  included by Mexico in the extradition request.

14      6.   Tom Heinemann, an attorney in the Office of the Legal

15  Adviser of the U.S. Department of State, has provided the U.S.

16  Department of Justice with a declaration authenticating a copy of the

17  diplomatic note by which the request for extradition was made and a

18  copy of the Treaty, stating that the offense for which extradition is

19  demanded is provided for by the Treaty, and confirming that the

20  documents supporting the request for extradition are properly

21  certified by the principal U.S. diplomatic or consular officer in

22  Mexico, in accordance with 18 U.S.C. § 3190, so as to enable them to

23  be received into evidence.

24      7.   The declaration from the U.S. Department of State with its

25  attachments, including a copy of the diplomatic note from Mexico, a

26  copy of the Treaty, and copies of the certified documents Mexico

27  submitted in support of the request are attached to the Request for

28

1  Certification of Extradition, filed separately and contemporaneously
2  with this complaint and incorporated by reference herein.

3      8.   That SEGURA CASTILLO is likely to flee if he learns of the
4  existence of a warrant for his arrest.

5      WHEREFORE, the undersigned complainant requests that a warrant
6  for the arrest of SEGURA CASTILLO be issued in accordance with 18
7  U.S.C. § 3184 and the extradition treaty between the United States
8  and Mexico, so that SEGURA CASTILLO may be arrested and brought
9  before this Court to the end that the evidence of criminality may be
10 heard and considered, and that this complaint and the warrant be
11 placed under the seal of the Court, except as disclosure is needed
12 for its execution, until such time as the warrant is executed.

14 DATED:   This  8  day of July, 2024, at Los Angeles, California.

                          Respectfully submitted,

                          E. MARTIN ESTRADA
                          United States Attorney


                          /s/ John J. Lulejian
                          JOHN J. LULEJIAN
                          Assistant United States Attorney

                          Attorneys for Complainant
                          UNITED STATES OF AMERICA


23 Subscribed and sworn to by
   the applicant on this  8  day
24 of July, 2024.



   HONORABLE MARGO A. ROCCONI
27 UNITED STATES MAGISTRATE JUDGE

28
                                8